MORTIMER J. KAUFMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63041. Promulgated March 24, 1933.

*Arthur L. Strasser, Esq.,* for the petitioner.
*I. Graff, Esq.,* for the respondent.

OPINION.

SEAWELL: The record shows that petitioner was a member of a copartnership under an agreement containing provisions whereby in the event of the death of one of the partners the surviving partners were to undertake certain obligations to the legal representatives of any partner dying during the term of the agreement. One of the partners, Maurice S. Bondy, died December 9, 1925, during the term, which covered the period January 1, 1923, to December 31, 1925.

After the death of Maurice S. Bondy, a dispute arose between the surviving partners, of whom the petitioner was one, and the representatives of the estate of said Bondy as to the amount to be paid his estate in satisfaction of his interest in the partnership. The legal representatives of the Bondy estate contended that the surviving partners were bound absolutely to pay the estate of Maurice S. Bondy the value of the interest which he had in the partnership as of December 31, 1924, which was $161,422.05. The surviving partners insisted that under the partnership agreement it was optional with them either to purchase the interest of the deceased partner by the payment to his estate of the value of his interest in the partnership as of December 31, 1924, or to liquidate the business of the partnership, in which event the deceased partner's estate would be liable for a portion of any losses incurred in the course of liquidation.

In 1927, the legal representatives of the Maurice S. Bondy estate instituted suit in the Supreme Court of the State of New York to recover from the surviving partners aforesaid the amount asserted to be due from them to the estate of said Bondy, and in 1929 a judgment in favor of said representatives was rendered to the effect that Maurice S. Bondy was not liable for any part of the operating losses sustained by the partnership in 1925 to 1928, inclusive. In 1929, after the rendition of that judgment, the surviving partners made payment to the legal representatives of Bondy in the sum of $51,198.43, being the total amount of loss charged to Maurice S. Bondy's capital account during the years 1925 to 1928, inclusive, and allocated to the aforesaid years in the proportion and amounts heretofore indicated in our findings of fact. Prior to January 1, 1929, the surviving partners made payment to the representatives of the estate of Maurice S. Bondy of substantially the entire value of his interest in said partnership as of December 31, 1924, except as to the extent of the proportion of the operating losses charged to him as heretofore stated in our findings of fact. The petitioner's share

of the operating losses (amounting to $51,198.43), paid as aforesaid by the surviving partners in 1929, was $12,190.10 and such amount he claimed as a deduction from his gross income in his tax return for the calendar year 1929.

The question for our determination is whether or not the respondent committed error in disallowing such amount ($12,190.10) as a deduction from petitioner's gross income for 1929. It is the insistence of the respondent that this amount is allocable to the years 1925 to 1928, inclusive, rather than to the year 1929, as contended by the petitioner.

Partnerships as such are not subject to Federal taxation, but the individuals carrying on business as a partnership are taxable upon their distributive shares of net income of such partnership, whether distributed or not, and are required to include such distributive shares in their individual tax returns. Where the result of partnership operations is a net loss, the loss is divisible by the partners in the manner agreed upon between them and may be taken as a deduction by the individual partners in their income tax returns for the year in which the same occurs.

In the instant case, it is stipulated that in carrying on the business operating losses were sustained during the years 1925 to 1928, inclusive, and that on the partnership books of account the value of Maurice S. Bondy's share in the partnership as of December 31, 1924, was reduced at the end of each of the years 1925 to 1928, inclusive, by an amount representing sixteen per cent of said operating losses incurred in those years. The proportion of the losses charged to said Bondy's capital account in each of those years is stipulated and set out in our findings of fact.

In support of the contention that petitioner is entitled to deduct from his 1929 income tax return the amount ($12,190.10) which he paid in that year pursuant to the judgment rendered by the Supreme Court of the State of New York, as indicated in our findings of fact, numerous authorities are cited in the brief of his counsel. The attempt is made to make applicable and controlling in the instant case *Lucas* v. *American Code Co.*, 280 U. S. 445 (other cases also relied on cite same), but in our opinion the facts and circumstances of the instant case are not such as to bring it within the principle therein enunciated. In *Lucas* v. *American Code Co.*, *supra*, for instance, the court was considering a single item claimed as a deduction from gross income and resulting from liability for a breach of contract that had nearly eighteen more years to run at the time of the breach and where the amount of damages, "if any, was wholly unpredictable." In the instant case, the item we are dealing with represents a part of alleged operating net losses, covering a period of

several years, none of which years is the same as the year in which the deduction is claimed. Under the principle that each year's return must stand alone, no part of the losses occurring in 1925 to 1928, inclusive, as indicated in our findings of fact, may be deducted in 1929, when the alleged loss is now asserted to have been sustained by reason of the payment of the amount thereof to the representatives of the deceased member (Maurice S. Bondy) of the partnership, pursuant to the judgment of the Supreme Court of the State of New York, which held said Bondy was not liable for any part of the aforesaid losses. See *Arthur H. Earle*, 15 B. T. A. 668; affirmed in 38 Fed. (2d) 965.

Viewing the facts in a different light from that discussed in the briefs of counsel, the payment made in 1929 to the representatives of Bondy's estate appears to have been merely the return of money to the Bondy estate which the Supreme Court of the State of New York decreed was rightfully Bondy's and that he was not chargeable with any part of the losses occurring in the years 1925 to 1928, inclusive. The payment so made in 1929 was merely the payment or return of money really due and owing Bondy's estate and was made pursuant to judgment as stated and was in no sense a deductible loss from petitioner's gross income in the year 1929.

In our opinion, viewed in either of the aspects stated or in any other aspect, the petitioner is not entitled to the deduction claimed nor has the respondent committed error in his determination.

*Judgment will be entered for the respondent.*

